Good morning, ladies and gentlemen. Our first case of the morning is case 118613, People of the State of Illinois v. Damon Price. Are you ready to proceed? Good morning, Chief Justice Garmon, honorable members of this court. I'm Assistant State's Attorney Annette Collins representing the people of the State of Illinois in the matter before this court. We brought this appeal from the appellate court's judgment which applied this court's decisions in People v. Smith and People v. Bailey retroactively to defendants' 1996 trial conviction and life sentence. The appellate court below held that this court's rule in Smith and Bailey announced a substantive rule and therefore had to apply retroactively to all cases on collateral review. Another division of the appellate court, however, characterized this court's rule in Smith and Bailey as procedural, setting up a split of authority in the First District. We brought this appeal on the very narrow issue concerning whether or not this court's rule is procedural or substantive. And it's our position that this court's rule in Smith and Bailey is a procedural rule, having all the hallmarks of a procedural rule but little, if any, of the characteristics of a substantive rule. The rule itself, as this court is well aware, sets forth the proper procedures to use in the event that a defendant requests separate verdict forms on the various counts of murder if those counts carry different sentencing consequences due to the differing mental states. The rule regulates the manner of determining defendant's culpability for and his corresponding sentence for the various murder counts in very limited and narrow circumstances. That's exactly what happened in Smith and, again, in Bailey. The separate murder counts carried different punishments depending on the mental state. The defendant asked for separate verdict forms, but the court denied it. And then when the jury returned a general verdict, the court presumed guilt on the most serious count, intentional murder, consistent with one-good-count principles. This court held that the circuit court abused its discretion in doing so because it just wasn't fair for, first, the court to deny a request for separate verdict forms, and then to presume guilt not in favor of the defendant but actually against him because there was a general verdict the defendant didn't want. This court recognized the unfairness of that very narrow circumstance and created new procedures to remedy it. Smith also created a corresponding sentence alteration remedy in the event that the error occurs. Insofar as the verdict, the general verdict that's erroneously provided must be interpreted as only a finding of guilt on the least culpable form of murder. This results in a sentence alteration. But the sentence is not altered because there's anything constitutionally, statutorily, or substantively intrinsically infirm with the statutory murder sentence. On the contrary, the sentence is altered precisely because the procedures were in error. Ms. Collins, had the Smith and Bailey rules been followed in this case, the defendant would have been insulated from facing the death penalty and from receiving a natural life term in prison, right? That's correct. Can we really say that a rule that results in consequences such as that, literally life and death, is merely procedural? Yes, we can. And, in fact, the Supreme Court itself, U.S. Supreme Court, has done so in Ring. Remember, in Ring, which is an Apprendi case, the judge in that case, by statute, was required to find the aggravating circumstances that would lead to the imposition of death. The jury was foreclosed from doing so. Yet, in Schrierow v. Summerlin, the U.S. Supreme Court held that that announced a procedural rule, despite the fact that death was imposed. In many of the cases where defendants had attempted to obtain collateral relief from a final judgment under Apprendi and under Ring. And that proves just because a sentence is altered doesn't necessarily mean that the rule is substantive. That's not the analytical fulcrum for purposes of retroactivity analysis. The distinction between a substantive and a procedural rule rests more on the rule itself. And, in a case where a sentence is altered, it rests more on why the sentence is altered, not the mere fact of the sentence alteration. That was the mistake that the appellate court made, and that's the mistake that the defense makes in this case, too. They narrowly focus on the alteration of sentence, claiming that just because there's a sentence that the defendant can't get, that that means the rule is substantive. But we know, when we take a look at the definition of substantive rules, we know that this court's decisions in Smith v. Bailey don't have those characteristics. For instance, substantive rules have been described as creating punishments that categorically are unavailable, regardless of the procedures followed. Substantive rules have also been defined as setting forth categorical constitutional guarantees that place certain criminal laws and punishments, quote, altogether beyond the state's power to impose. And substantive rules also make certain punishments categorically unavailable by prohibiting punishments due to an offender's offense or an offender's status. None of these formulations actually describe the rule in Smith v. Bailey. First, the rule in Smith v. Bailey is very limited and only applicable if a defendant makes a request for separate verdict forms. This suggests that it can't be based on a categorical substantive rule if it's so narrow that it not only depends on a defendant's request, but it doesn't have to be sua sponte provided by the circuit court. Second, the rule in Smith v. Bailey didn't categorically bar any statutory sentence altogether beyond the state's power to impose. Those sentences were not altered because the court and the state are not empowered to sentence a defendant to a life sentence. The life sentence in Bailey and the consecutive term in Smith was not valid or improper only because of the procedural error in that case. And the rule in Smith v. Bailey, unlike substantive rules, doesn't apply regardless of the procedures followed. If anything, the procedures are the key in this case. If the proper procedures are followed, every single statutory sentence available for murder is available. Ms. Collins, you prefaced your comments by saying the issue as framed by the state and the defendant is very narrow and have spent the bulk of your time, I guess rightfully so, on the procedure versus substantive nature. But I'm going to ask you a question that wasn't raised, but it has come to mind. If this court were to conclude that our decision in Castleberry applies retroactively on collateral review, what impact, if any, would that have on the viability of defendant's claim in this case? It would potentially mean that the claim is not good, that the appellate court need not have addressed it and the circuit court need not have addressed it. There was a reason why we didn't raise that. First of all, Castleberry had not come down, neither had Thompson. But this is one of those situations where when defendant filed his 2-1401 petition, Castleberry was yet to have been released and ARNA was in effect. So when defendant claimed that the void judgment justified his late filing, he at least legally was correct at that time. He wouldn't be correct, however. It would be an untimely petition under Castleberry if Castleberry applies retroactively to this case. This court analyzed the Smith and Bailey error under an abuse of discretion standard. An abuse of discretion standard applies to trial errors, errors of procedure. It's typically a standard that we use when we're gauging whether or not a trial error occurred. Very rarely do we engage in abuse of discretion standard for a substantive categorical constitutional guarantee. That's another reason why this court's decisions in Smith and Bailey have all the hallmarks of a procedural rule. Yet defendant compares his situation to the defendants in Miller v. Alabama as recently discussed in Montgomery v. Louisiana. That is the illustrative example of a substantive rule. Yet that is the only case that defendant appears to focus on in Marshall as his primary support for his claim that Smith and Bailey are substantive rules. But we know when we look at Montgomery v. Louisiana and Miller v. Alabama that those cases are clearly substantive rules that have very little in common with Smith and Bailey. First of all, this court was very clear in Adolfo Davis when it stated that the reason that Miller v. Alabama had announced a substantive rule was because it had categorically barred a particular statutory punishment, mandatory life in prison for a class of defendants because of their status, juveniles. The life sentence in Miller wasn't invalid because of procedures. The procedures used in Miller had nothing to do with the inapplicability and the unconstitutionality of the sentence. The sentence was substantively invalid as barred by the constitutional protections under the Eighth Amendment. That's why this court and the U.S. Supreme Court had recognized that Miller was a substantive rule. Now while it's not always an easy task to determine whether or not a rule is substantive or procedural, in this case it's fairly straightforward. We have two very identifiable benchmarks for us to use. We have on one hand, Miller v. Alabama, which shares almost none of the characteristics of Smith and Bailey. And on the other hand, we have the Apprendi cases, in particular Ring. And Ring is so closely akin to what happened in Smith and Bailey that that case illustrates why Smith and Bailey are procedural rules. Even though Ring invalidated a capital sentence for that defendant and all other defendants who could claim the Ring and Apprendi protections, the decision was not found to be substantive in Schreero v. Summerlin. And that's because Ring didn't establish a categorical bar to a statutory sentence. Rather, it found the error was in the procedures used to arrive at the particular sentence. The Supreme Court pointed out that even if our understanding of state law changed as a result of Ring, the actual content of state law did not. That's akin to what happened in Smith and Bailey. The actual content of state law didn't change. There's nothing constitutionally infirm with any of the punishments for first degree murder. The statutory sentence for murder is not intrinsically or categorically prohibited. All that changed in the wake of Smith and Bailey are the procedures used in obtaining and interpreting a verdict, again, in very narrow circumstances. Like Ring, Smith and Bailey impact the operation of the trial process but do not bar a statutory punishment as categorically or substantively unconstitutional. That's why they are procedural rules. For these reasons and those discussed in our briefs, we would ask this Court to reverse the appellate court's judgment below. Thank you. Thank you. May it please the Court. I'm Todd McHenry. I'm with the Office of the State Appellate Defender and I represent Damon Price. Mr. McHenry, before you get started on the argument that's been raised, could you answer the same question that I asked opposing counsel on Castleberry and how that would affect, if we rule that it applies retroactively, how it would affect this case? Yes, Your Honor. The question has recently been answered by the U.S. Supreme Court in Montgomery v. Louisiana. There, specifically, they said if you have a substantive rule that applies, therefore, retroactively, the state has no authority to uphold, basically, an unconstitutional sentence. They use the word void. They use the word unconstitutional. So the dispositive issue is whether or not this is substantive versus procedural. If it is, then Damon Price is entitled to the remedy that we've asked for. Getting to the merits, I think I'd like to just begin by starting with the one point that both opposing counsel and Damon Price agree upon, and that is, as counsel said, we need to determine what the content of the rule is first.  The state, in its opening brief, almost entirely in its reply, and then here in oral argument, tries to ignore all of the substantive components of the rule. And, of course, if you do that, you're left just with procedures. So that's an easy argument to make. But this court, as this court is held in Davis, as the U.S. Supreme Court is held in Montgomery, just because you have a substantive component, the question becomes, is that just a procedural component? The question is, is that incidental to a substantive guarantee? If it is, it's a substantive rule, and it must be applied retroactively. In this case, Smith and Bailey confer first a substantive right to an actual verdict. It's not just a right to forms. Forms mean something. They're a verdict. How do we know this is the case in Smith? This court unanimously distinguished between two types of error under its rule. One is, what would the error be if you just are denied those forms, but it's clear what the verdict was? We know that the jury found intentional or unknowing murder. Then you haven't been denied the broader fundamental right, which is the right to an actual specific verdict. In a case where you've been denied that right, this court on page 25 in Smith held, that's never subject to harmless error. If you've been denied an actual verdict, we can't determine what it was. It is a categorical bar. Bailey held that we're required then to interpret the general verdict form as an acquittal. The state has just correctly announced black letter law in determining what is the difference between substance and procedure. They accurately quoted both Montgomery and Penry for the proposition that a substantive rule is generally a categorical bar on either barring a conviction or barring a punishment. That is exactly what an acquittal does. It is a categorical bar. It's not even subject to appellate review. Even if it's in Evans v. Michigan, U.S. Supreme Court in 2013 said, it doesn't matter if it's even egregiously erroneous, the acquittal. It still operates as an acquittal, and based on double jeopardy clause, you can't litigate it any further. But the defendant doesn't have to request separate forms, right? Absolutely. And if he or she doesn't request separate forms, is there some constitutional denial of right in that situation? Whether or not a defendant has discretion to invoke a strategic choice, such as what theory of murder they want to argue for, that's obviously at the discretion of the defendant, whether they want to invoke that right. But the distinction between substance and procedure has never been dependent upon whether or not the defendant must invoke the right or whether the defendant can waive that right. Look at compulsory process. That is a substantive guarantee or the right to a meaningful defense. But the defendant has to invoke the right. You have to attempt to call witnesses. You have to present a defense if you want to invoke the right to a meaningful one. But these are decidedly substantive guarantees, substantive rights. And the state doesn't take issue with that. The state's issue is to ignore that substantive right that the verdict forms are incidental to, and then the substantive result. I mean, the fact that this is an acquittal is a categorical bar. It's different than the state relies upon Ring and Apprendi heavily. Those cases are subject to harmless error. Ask numerous defendants who have had potential Apprendi violations. If the evidence at trial strongly suggests that the extending factor is present, that sentence will stand. So this is very different. In acquittal, the state was even barred from seeking a finding according to 9-1-B-6. That's a criminal statute that cannot be applied now to a defendant who has been violated his right to an actual verdict under Smith and Bailey. Is there a difference between being actually acquitted and having it be treated as an acquittal? This court certainly did not make that distinction in Bailey in paragraph 64 on where this court unanimously held that we are required to treat this as an acquittal. And the state attempts to make the argument in reply when they're being pushed on, well, an acquittal sounds categorical and sounds substantive, so what really is this? Well, they say this is the functional equivalent of an acquittal, page 8 of their reply. In our view, that's virtually a concession of this entire issue. If we're looking at the difference between, well, is this rule, what qualities does it have? And we say, well, the rule has all the qualities. It's the equivalent of something that everybody agrees is a substantive ruling. How could it not be substantive if it shares all the key characteristics? The state's foreclosed from what they can do. The trial court is foreclosed from making any contrary finding, even if the acquittal is erroneous. The state can't appeal it for appellate review. It's given the full force of an acquittal, whether semantically we're saying, yes, it was definitely an acquittal, or it's akin to it, the essential characteristics are identical. And they're that way because of case law that this court cited that invoked the principles of double jeopardy. That's exactly why the right is what it is, and why it's important to a defendant, is because it would make no sense to give out these separate verdict forms and say, well, you're entitled to a verdict. But if it's going to be viewed as an acquittal, it's not going to have any permanence like an acquittal would. That would completely defeat the whole purpose of it, and the state would just go around. If they're foreclosed from doing something, they'd just go ahead and do it. And if they can get something similar to an intentional or knowing finding, then the circular argument would be, well, I guess we weren't foreclosed from doing it in the first place. Counsel, I'm still concerned about the issue that was raised by the Chief Justice, that a defendant and his counsel can make a strategic decision not to ask for separate verdict forms. In other words, murder or nothing. And you suggested that was a waiver of a substantive right. How can we tell, in a case like this that was tried so long ago, how can we tell what the strategy was? I mean, there are strategy reasons for why it's important to give the defendant discretion. The older line of thought is that perhaps general verdict forms create some sort of ambiguity that may favor the defendant. If that's the defendant's view, they should be entitled to proceed according to that. However, in a case like this, where clearly the defendant is arguing, okay, if I've committed felony murder, that's it, I haven't committed intentional or knowing murder, and I don't want any sentencing consequences that flow from that, then they should be allowed that discretion. And as I mentioned, discretion has never been the key point as to whether something is substantive or procedural. And I would say additional to that, as a second argument, if we look at this reasoning in Davis, one of the dispositive questions there is, is there a substantive right that's been given? And then if so, do the procedures follow, or are they incidental to that right? And in this case, I don't believe that the state is contesting that a verdict is a substantive ruling. The right to a verdict and the right to seek a verdict on the defendant's half, that comes from the double jeopardy clause, as the Seventh Circuit has held numerous times. And so these are definitively substantive rights. So to say that we're granting now a defendant a substantive right, and how does he go about implementing that right, how does he go about invoking that right? Well, of course there's going to be a mechanism for tendering forms, but if we decided to poll juries verbally instead of getting them to write it down, the errors still exist. He's exercising a substantive right to a verdict. So it's not simply the forms that are dispositive, and that's exactly the point that this Court made in Smith, where it said if you've been denied that actual verdict, we can't conduct harmless error, because harmless error presupposes a verdict. But the problem we have here is not moving forward. The Court's already decided moving forward what happens when a defendant requests such a subverted clause. But you're asking them to apply this retroactively, where it seems to be unknown what the strategy was. You're asking us to reverse conviction from 30 years ago. That becomes a real challenge when built into this process is not a categorical ban, but a choice of the defendant. I mean, I would argue that that's an important reason why it has to function as an acquittal, because that resolves any ambiguity. The question of strategy really, in our view, shouldn't be dispositive of whether or not a defendant, what has happened to those charges that the State brought and that the defendant demanded a verdict on. What has happened to those? We need clarity, and so therefore, Bailey says we're required to find that to be an acquittal. So irrespective of a defendant's strategy, whether or not the particular defendant agreed with one way or another, their strategy was evidenced by the fact that they argued for that, hey, we may be guilty of simply felony murder here, and we don't want any negative consequences other than that. So their strategy is evident in asking for this in the first place. Mr. McHenry, with regard to the right is absolute, you argue that, but how can that right be absolute when it's up to the defendant to even ask for it? What we're saying is that it's substantive, and just like the right to a meaningful defense, it's clearly substantive, and that requires a defendant to exercise that right. A defendant can show up, say absolutely nothing at trial, can waive all closing arguments if he wants. After the State's proceeded with their case, the defendant can stand up and say I move for a directed verdict. They fail to present evidence on this one key element. And that would still be, you know, so to exercise your right to a meaningful defense, a substantive right, that requires you to invoke it. It's never been, the discretion has never been the guidepost to whether something's substantive or procedural. We look at it most recently in Montgomery versus Louisiana. The issue is, does the rule categorically bar a punishment for a class of defendants? That is exactly what an acquittal does. So if this court meant exactly what it said in Bailey, then that, I mean, you couldn't find a more classically substantive rule. I know of no other substantive rules that actually produce an acquittal. That is a merits-based ruling under Evans versus Michigan, and it's given absolute finality under the Double Jeopardy Clause. So for these reasons, the rule, you know, it's very different from Apprendi, very different from Ring, and all the other cases that the State cites, which are all subject to harmless error. Or, and even, you know, in some respects, Miller versus Alabama. You know, compare this as a substantive rule versus Miller versus Alabama. Miller specifically said, we're not categorically barring a punishment on anyone necessarily. We're saying there are two different classes of juveniles. Some of them are going to be incorrigible, others will not be. Right? And we need to implement this procedure to find out which one are you, defendant. This one, once an acquittal has occurred, there's no subsequent procedure. The State accurately spoke about, well, one of the issues is, could we come back with perfect procedures and come to and uphold this sentence? Absolutely not. Once the acquittal operates, that's it. It's a categorical bar. You can't even appeal it. So, you know, even comparing that to Miller versus Alabama, this is more classically a substantive rule than Miller would be, which everyone was arguing before Davis, right, came down, or Montgomery. Many scholars were saying that Miller versus Alabama is a quintessential procedure. That's exactly the same language used by the State in describing this rule in their opening brief. Nothing that produces an acquittal or bars a natural life sentence predicated on intentional or knowing murder can be procedural. For these reasons, if there are no further questions, we ask this Court to affirm the judgment of the appellate court and remand for resentencing between 20 and 60 years and also vacating his conviction for aggravated arson as it served as the predicate to the felony murder. Thank you. Ms. Collins? Briefly, Your Honors. Let me just ask you at the risk of hitting the nail one more time on the head here. Do you agree with Mr. McHenry that the U.S. Supreme Court, merely a finding by this Court, that it's substantive rather than procedural, regardless of what we do in Castleberry, would have no impact on this case? Not necessarily. And that's because one of the reasons the court in Montgomery called it void was because, and when they talked about its sentence being void, they talked about the statute under which the sentence was imposed was facially invalid. Take a look at that section. That's not what is happening in this case, so no, I don't agree with that. Would this Court benefit from supplemental briefing on that issue? Perhaps. We would be perfectly willing to write any supplemental brief on the issue of the retroactivity of Castleberry, whether it should have retroactive application and its direct effect on this case, if this Court were so to request. I think we have to go back. In order to look at defendant's argument, we have to go back to Bailey, and we have to look at the language in Bailey discussing the double jeopardy case of Bullington and the due process case of Beck. Defendant overinflates the concept of jeopardy as it was in Bailey. Bailey is not a double jeopardy case. Smith was not a double jeopardy case. Smith didn't even address double jeopardy principles. In fact, the reference to Bullington and the reference to jeopardy principles in this Court's decision in Bailey was mitigated by this Court's recognition that Bullington doesn't really apply to the circumstances here, neither does Beck. They may be instructive. They may be similar to the protection and the remedy that this Court afforded in Smith, but they in no manner drove the substantive rule, because there is no substantive rule. It's new here. The jeopardy-like protection in Bailey was really just this Court's limiting of the one-good-count rule. Remember, the one-good-count rule allows an interpretation of a general verdict as guilty on the most serious count, the intentional murder. That can be a presumption made by the circuit court. That principle is still sound. General verdicts are still sound. But in the very narrow circumstance where a defendant makes a specific request for separate verdict forms, the Court is not allowed in a remedy for this error, not allowed to invoke one-good-count principles. Rather, there has to be a presumption on the least serious count. That irrebuttable presumption is similar to or like a jeopardy-type protection, but it's not double jeopardy principles at all. The other point that defendant makes or tries to make is that somehow this Court created a new substantive rule, a new substantive categorical right to a verdict. That's not new. Defendants have rights to verdicts. They don't have a constitutional right to a specific verdict, because if they did, if specific verdicts were categorically constitutionally required by the Fifth Amendment double jeopardy clause or the Sixth Amendment unanimity principles, this Court wouldn't have held in Germain-Davis that the Court need not sua sponte give them. What we have in Smith and Bailey when we take a look at those two cases together, we have a fundamental equitable-based prophylactic rule that protects a very narrow group of defendants against unfairness. In fact, in Smith, the defense argument wasn't based on double jeopardy. The defense argument was based on a criticism of the one-good-count rule and how it applied to this very narrow circumstance to prejudice the defendant. That's why this Court created new procedures, so that wouldn't happen. That is a prototypical procedural rule to protect, in this case, equity, fairness, and to ensure that defendants are not unfairly sentenced under a one-good-count principle that shouldn't be applied. For these reasons and those discussed in our briefs, we would ask that this Court reverse the appellate court judgment. Thank you. Thank you. Case number 118613, People of the State of Illinois v. Damon Price, will be taken under advisement as agenda number 11. Ms. Collins, Mr. McHenry, thank you for your arguments this morning. You're excused at this time.